**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CUSTOM SALES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-453-M |
| | ) |
| ARTMARK PRODUCTS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is defendant's Motion for Summary Judgment, filed April 24, 2006. On May 10, 2006, plaintiff filed its response. On May 30, 2006, defendant filed its reply, and on December 18, 2006, plaintiff filed its supplemental response. Based upon the parties' submissions, the Court makes its determination.

On January 12, 2006, plaintiff filed the instant action alleging that defendant breached the parties' representation agreement.[1] Defendant moves this Court to enter judgment in its favor on plaintiff's breach of contract claim.

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

---

[1] The Court would note that subsequent to defendant's motion for summary judgment being filed, plaintiff filed a First Amended Complaint, adding additional causes of action. These causes of action, however, were not raised in defendant's motion, and the Court will not address them in this Order. Defendant has been granted leave to file a second motion for summary judgment to address these causes of action.

party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

Defendant asserts that it is entitled to judgment on plaintiff's breach of contract claim because there has never been an executed representation agreement by and between the parties. Plaintiff, on the other hand, asserts that the July 17, 1997 written representation agreement was signed by plaintiff and returned to defendant.

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether there was an executed representation agreement between the parties.  Specifically, plaintiff has submitted a signed executed copy of the July 17, 1997 representation agreement, affidavits from Alan Hulva, ex-president of plaintiff, and Tom Wilson, ex-vice president of plaintiff, that state that plaintiff is currently in possession of a signed representation agreement and that this agreement was returned to defendant in late July, 1997 or very early August, 1997, and an affidavit from Roy

Howard, an ex-employee and ex-vice president of defendant, that states that he has seen a complete and signed copy of the representation agreement in the possession of defendant. The Court finds that this evidence is sufficient to withstand defendant's motion for summary judgment.

Accordingly, the Court DENIES defendant's Motion for Summary Judgment [docket no. 4].

**IT IS SO ORDERED this 28th day of February, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE